UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

KHAIM KHAIMOV,

Plaintiff,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, REBECCA KERN, LOUIS STENDER, KENT CARLSON, BRIAN OSHAUGNESLY, KEVIN OGUIST, PAUL SCHNEIDER, STEEN, MARK LUND, BUSLER DAN, SPETS, RITA GEORGE, BURREL, and WAYNE FREDRICSON,

Defendants.

Civil No. 01-559 (RHK/JGL)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility, Stillwater, Minnesota, commenced this action on March 29, 2001, by filing a "Complaint For Violation Of Civil Rights Under 42 U.S.C. § 1983." (Docket Nos. 1 and 2.[1]) The matter has been assigned to the undersigned magistrate judge for preliminary review of Plaintiff's pleading pursuant to 28 U.S.C. § 1915A(a), and for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[2] For the reasons discussed below, the Court finds that

[1] Plaintiff's initial pleading in this matter consists of two documents – a civil rights complaint form, (Docket No. 1), and a hand-written 35-page supplement, (Docket No. 2). The Court considers both of these documents, taken together, to be Plaintiff's complaint.

[2] Plaintiff's complaint was accompanied by an application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 7.) However, Plaintiff did not submit his initial partial filing fee with his IFP application, as mandated by 28 U.S.C. § 1915(b)(1). That omission was called to Plaintiff's attention by the Court's order of April 3, 2001. (Docket No. 9.) Plaintiff has now tendered his initial partial filing fee, and the matter is therefore ripe for further review.

FILED MAY 03 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Plaintiff has failed to state any claim on which relief can be granted. It will therefore be recommended that the action be dismissed pursuant to 28 U.S.C. § 1915A(b).

## I. BACKGROUND

Plaintiff's pleading is a prolix (and nearly incomprehensible) list of grievances pertaining to his life in prison during the past two years. He is attempting to sue the Minnesota Department of Corrections and several of its employees for allegedly violating his federal constitutional rights. As far as the Court can tell, he is alleging that Defendants:

(1) placed him in segregated confinement for up to 70 days at a time, without just cause;

(2) harassed and terrorized him, by threatening to place him on a restraint board if he misbehaved;

(3) seized some of his personal property, including certain documents pertaining to other legal proceedings;

(4) physically abused him;

(5) caused him to be frequently transferred between prisons; and

(6) deprived him of medications that he needed for his asthma and a hernia.

The Court finds, however, that the factual allegations set forth in Plaintiff's complaint are not sufficient to state a legally cognizable claim for relief.

## II. DISCUSSION

Because Plaintiff is a prisoner who is seeking redress from state employees, his pleading must be screened in accordance with the procedures prescribed by 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the

PLRA"), requires federal courts to screen the pleadings in every prisoner civil action brought against government employees "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. To the extent that the pleading, on its face, fails to state a cognizable claim, it must be dismissed. 28 U.S.C. § 1915A(b)(1).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). In this case, Plaintiff's pleading is defective for the simple reason that, despite its excessive length, it does not allege sufficient facts, which if proven true, would support the legal conclusion that any named Defendant violated Plaintiff's constitutional or other federally-protected rights.

A. Segregated Confinement

Plaintiff's claims based on his segregated confinement are barred by Sandin v. Conner, 515 U.S. 472 (1995). There, the Supreme Court held that prisoners do not have any freestanding constitutional right to remain in the general prison population; but rather, prisoners' constitutional rights are implicated only when they are forced to endure some "atypical and significant hardship... in relation to the ordinary incidents of prison life." Id. at 484. Being placed in administrative detention or segregated confinement for a limited

period of time is a fully expectable aspect of prison life. Such events therefore do not constitute an "atypical and significant hardship" that can support a prisoner civil rights claim.

In the instant case, there are no factual allegations suggesting that Plaintiff has ever been detained in segregated confinement for more than 70 days, which is not long enough to have constitutional significance. Sandin itself shows that a 30-day term of segregated confinement does not normally constitute the type of "atypical and significant hardship" that can provide the basis for a constitutional cause of action. And our own Court of Appeals has found that 10 days of disciplinary detention followed by 90 days in a maximum security cell is not a hardship of constitutional significance. Wycoff v. Nichols, 94 F.3d 1187, 1189-90 (8th Cir. 1996).[3] Case law from other jurisdictions suggests that segregated confinement for as long as a full year will not support an actionable claim. See Wilson v. Harper, 949 F.Supp. 714, 723 (S.D.Iowa 1996) (eleven months in "administrative segregation-type conditions" did not constitute the type of hardship that would support a due process claim); Stone-Bey v. Barnes, 913 F.Supp. 1226, 1233-34 (N.D.Ind. 1996) (one year in segregated confinement does not implicate a protected liberty interest), vacated on other grounds, 120 F.3d 718 (7th Cir. 1997); Marino v. Klages, 973 F.Supp. 275, 278 (N.D.N.Y. 1997)(noting that "district courts in the Second Circuit have generally found that any SHU [segregated housing unit] confinement under a year in time is not an atypical or

[3] See also Howard v. Collins, No. 97-1642 (8th Cir. 1997), 1997 WL 710314 (unpublished opinion) (eight month stint in "ad seg" would not support due process claim); Driscoll v. Youngman, No. 95-4037 (8th Cir. 1997), 1997 WL 581072 (unpublished opinion) (135 days in disciplinary and administrative segregation would not support due process claim).

significant hardship on prisoners"). Based on Sandin and the relevant case law following it, the Court finds that Plaintiff's vague factual allegations about being placed in segregated confinement do not demonstrate any violation of his federal constitutional rights.

B. Threats and Harassment

Plaintiff also alleges that Defendants terrorized him, harassed him, and caused him to fear for his life, by threatening to place him on a restraint board. Although it appears that Plaintiff may have been emotionally distraught by Defendants' alleged threats, his complaint includes no facts suggesting that he suffered any actual physical harm. While verbal abuse of prisoners is abhorrent, it will not, by itself, support a civil rights claim. Martin v. Sargent, 780 F.2d at 1338 (abusive language and/or verbal harassment, is not, by itself, unconstitutional, and will not support a § 1983 cause of action); Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000) (same).

Furthermore, it appears that Defendants' alleged threats caused -- at most -- only emotional injury to Plaintiff. Because he has not described any accompanying physical injury, his threats-and-harassment claim is barred by 42 U.S.C. § 1997e(e), which provides that "[n]o Federal civil action may be brought by a prisoner confined in jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."

C. Seizure of Property

Giving Plaintiff's pleading the benefit of liberal construction, it appears that he is attempting to raise two separate claims pertaining to the alleged seizure of his personal

property. First, he seems to be claiming that Defendants violated his constitutional right of access to the courts by allegedly seizing documents pertaining to other legal actions in which he is (or was) involved. Second, he seems to be claiming that Defendants violated his constitutional right to due process by allegedly seizing his legal documents and other personal property.

Plaintiff's denial-of-access-to-the-courts claim is barred by Lewis v. Casey, 518 U.S. 343 (1996). There, the Court held that a prisoner cannot maintain an actionable claim for denial of access to the courts without showing some actual injury. In other words, the prisoner must plead (and ultimately prove) that the defendants in the case actually "hindered his efforts to pursue a legal claim." Id. at 351. See also, Klinger v. Department of Corrections, 107 F.3d 609, 617 (8th Cir. 1997) ("[i]n Lewis v. Casey, the Supreme Court held, based on principles of standing, that actual injury must be proven in order to prevail on an access-to-courts claim").

It is not enough for a prisoner to merely allege that he is unable to "litigate effectively," (Lewis, 518 U.S. at 354); rather, he must show that he actually has been precluded from enforcing some legal right. The prisoner must demonstrate, for example, that he has missed (or inevitably will miss) some critical filing deadline, or that he actually has been deprived of the opportunity to prosecute some specific legal claim. Id.

In the instant case, Plaintiff has pleaded no facts showing that he missed any filing deadlines or lost any opportunity to pursue any specific legal rights due to the alleged deprivation of his legal papers. He has therefore failed to plead a legally cognizable claim for denial of access to the courts.

Plaintiff's due process claim is barred by Hudson v. Palmer, 468 U.S. 517, 533 (1984). In Hudson, the Court held that the "unauthorized intentional deprivation" of a prisoner's property by a prison official "does not constitute a violation of the procedural requirements of the Due Process Clause... if a meaningful post-deprivation remedy for the loss is available." In the present case, Plaintiff has failed to allege that there were no administrative or state court post-deprivation remedies available to him, by which he could have sought redress for the alleged seizure of his property. Therefore, his complaint fails to state an actionable due process claim.

D. Physical Abuse

Plaintiff's complaint also includes several vague references to "physical abuse," which suggests that he may be attempting to present an Eighth Amendment "excessive force" claim. To successfully plead such a claim, however, a prisoner must allege facts showing that the defendant(s) caused him to suffer some actual, identifiable harm. "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." White v. Holmes, 21 F.3d 277, 281 (8th Cir. 1994) (emphasis added). See also Hudson v. McMillian, 503 U.S. 1, 9-10 (1992) (not "every malevolent touch by a prison guard gives rise to a federal cause of action";... "[t]he Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force..."). In this case, Plaintiff has failed to state an actionable excessive force claim, because he has not alleged any facts

showing that he has suffered any actual physical injury.[4]

E. Prison Transfers

Plaintiff further complains about his numerous transfers from one prison to another. However, prison transfers, like segregated confinement, are a normal part of prison life, and they do not normally infringe upon any constitutional right. Indeed, the Supreme Court has expressly held that prison authorities "may transfer a prisoner 'for whatever reason or for no reason at all.'" Olim v. Wakinekona, 461 U.S. 238, 250 (1983), quoting Meachum v. Fano, 427 U.S. 215, 228 (1976). See also Freitas v. Ault, 109 F.3d 1335, 1337 (8th Cir. 1997) (prisoner had no constitutionally protected interest in remaining in a less restrictive prison environment, and he therefore was not entitled to due process before being transferred to a more restrictive institution); Callender v. Sioux City Residential Treatment Facility, 88 F.3d 666, 668-69 (8th Cir. 1996) (prisoner was not entitled to due process before being transferred from a work release facility to far more restrictive housing in a state reformatory). Therefore, Plaintiff's prison transfers do not provide the basis for any actionable claim for relief.

F. Inadequate Medical Care

Finally, Plaintiff seems to be alleging that some of the Defendants, (it is not quite clear which ones), violated his Eighth Amendment rights by withholding medications or other medical treatment for his asthma and a hernia condition. To state an actionable Eighth Amendment claim based on inadequate medical care, a prisoner must allege facts

---

[4] It also worth noting once again that 42 U.S.C. § 1997e(e) precludes prisoners from seeking relief for purely mental or emotional injuries.

showing that a specific prison official (a) was personally aware of some particular "excessive risk" to the prisoner's health and safety, and (b) knowingly and deliberately disregarded that risk. Williams v. Delo, 49 F.3d 442, 446 (8th Cir. 1995); Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). No such facts have been alleged here. Plaintiff has not adequately described any specific serious medical need, nor has he adequately alleged that any named Defendant was aware of such medical need and deliberately ignored it.

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff's current complaint fails to state any cause of action on which relief can be granted. It will therefore be recommended that the complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has failed to state any actionable claim, it will also be recommended that the following motions be summarily denied:

(i) Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 7), (see 28 U.S.C. § 1915(e)(2)(B)(ii));

(ii) Plaintiff's self-styled "Motion Emergency Court Hereng [sic]," (Docket No. 3);

(iii) Plaintiff's motion for appointment of counsel, (Docket No. 4);

(iv) Plaintiff's "Motion For The Temporary Restainigerd [sic] Order Against Defendants Minnesota Department Of Correction And They [sic] Employes [sic]," (Docket No. 5); and

(v) Plaintiff's "Motion To Immediate Release Or A Speedier Release From That Imprisonment," (Docket No. 6).

It will be further recommended that, notwithstanding the dismissal of this action, plaintiff should remain liable for the unpaid balance of the statutory filing fee -- namely $143.65. 28 U.S.C. § 1915(b).[5] Lastly, it will be recommended that, for purposes of 28 U.S.C. § 1915(g), this action be "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

## IV. RECOMMENDATION

Based upon the above, and upon all the files, records, and proceedings herein, **IT IS RECOMMENDED** that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 7), be **DENIED**;

2. Plaintiff's motion for appointment of counsel, (Docket No. 4), be **DENIED**;

3. Plaintiff's "Motion Emergency Court Hereng [sic]," (Docket No. 3), be **DENIED**;

4. Plaintiff's "Motion For The Temporary Restainigerd [sic] Order Against Defendants Minnesota Department Of Correction And They [sic] Employes [sic]," (Docket No. 5), be **DENIED**;

5. Plaintiff's "Motion To Immediate Release Or A Speedier Release From That Imprisonment," (Docket No. 6), be **DENIED**;

---

[5] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

6. Plaintiff be required to pay the unpaid balance of the Court filing fee -- namely $143.65 -- in accordance with 28 U.S.C. § 1915(b)(2);

7. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1); and

8. For purposes of 28 U.S.C. § 1915(g), this action be "dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Dated: May 3, 2001

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by May 21, 2001, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.