**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

KHAIM KHAIMOV,

Plaintiff-Appellant,

v.

MINNESOTA DEPARTMENT OF CORRECTIONS, REBECCA KERN, LOUIS STENDER, KENT CARLSON, BRIAN OSHAUGNESLY, KEVIN OGUIST, PAUL SCHNEIDER, STEEN, MARK LUND, BUSLER DAN, SPETS, RITA GEORGE, BURREL, and WAYNE FREDRICSON,

Defendant-Respondents.

Civil No. 01-559 (RHK/JGL)

**ORDER**

This matter is presently before the Court on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"), on appeal. (Docket No. 18.) For the reasons discussed below, the Court concludes that Plaintiff's IFP application must be DENIED.

Plaintiff is a prisoner of the State of Minnesota who is attempting to appeal the dismissal of his complaint seeking relief under 42 U.S.C. § 1983. Because Plaintiff is a prisoner, his IFP application is governed by the Prison Litigation Reform Act of 1995 ("PLRA"). The PLRA requires all prisoner litigants to pay the full $105 filing fee for an appeal, regardless of their financial circumstances. 28 U.S.C. § 1915(b)(1); see also Henderson v. Norris, 129 F.3d 481 (8th Cir. 1997); In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) . However, a prisoner who is financially eligible for IFP status under § 1915 will be excused from pre-paying the full $105 filing fee as a condition to filing an appeal, and will instead be required to pay the filing fee in installments.

FILED JUL 18 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

The PLRA also includes a provision known as the "three strikes rule," which says that prisoners are ineligible for IFP status if three or more of their previous actions or appeals have been found to be frivolous or legally non-cognizable. The three strikes rule is set forth at 28 U.S.C. § 1915(g), which reads as follows:

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [i.e., the IFP statute -- 28 U.S.C. § 1915] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

The Plaintiff here is a prisoner who has had at least three prior actions or appeals rejected because they were not legally cognizable. In Khaimov v. Rea, Civil No. 00-1525 (RHK/JGL), this Court ordered that Plaintiff's action be summarily dismissed (pursuant to 28 U.S.C. § 1915A(b)), because his complaint failed to state a claim on which relief could be granted. The Court's order clearly indicated that the dismissal of the action would count as a "strike" against Plaintiff for purposes of § 1915(g). When Plaintiff tried to bring an appeal in that action and applied for IFP status on appeal, this Court denied the IFP application because the appeal was not taken in good faith. In the order denying IFP status, the Court expressly noted that the denial of Plaintiff's IFP application on appeal would count as another strike for purposes of § 1915(g).[1]

---

[1] Our Court of Appeals has concluded that a prisoner can earn two strikes in a single lawsuit, if he files a non-cognizable complaint, and later files a frivolous appeal in the same action. Henderson, 129 F.3d at 485, citing Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997) (subsequently overruled on other grounds). In Newlin, the Court provided the following explanation of how a single action can result in two strikes:

> "The district court dismissed [the prisoner's] suit for failure to state a claim on which relief may be granted. That makes the disposition a 'strike' under § 1915(g). The appeal is frivolous, which also satisfies § 1915(g). Does [the prisoner] now have one

Plaintiff's third and final strike occurred when the Court ordered that his complaint in the present action be dismissed for failure to state a claim on which relief could be granted. Once again, the Court's order, (Docket No. 16), specifically alluded to § 1915(g).

Thus, the Court now finds that Plaintiff already has three strikes against him for purposes of § 1915(g). He is therefore ineligible for IFP status in his present appeal, (or in any future federal court action or appeal), unless he can demonstrate that he is "under imminent danger of serious physical injury."

Although Plaintiff's lengthy Notice of Appeal, (Docket No. 20), includes several vague allusions to threats and harm, he has not adequately identified any specific and credible "imminent danger of serious physical injury." See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998) (1915(g) would not bar IFP status where prisoner offered "sworn allegations" supported by "documentary evidence" showing specific incidents involving specific named defendants who deliberately placed prisoner at the mercy of his known enemies, who attacked him with a nine-inch screwdriver and a butcher knife). Because Plaintiff has three strikes against him, and he has not sufficiently demonstrated that he is "under imminent danger of serious physical injury," the Court concludes that he is ineligible for IFP status on his current appeal, pursuant to § 1915(g).

---

> strike, because these are sequential proceedings in a single case, or two strikes, because complaints and appeals are evaluated separately? Two strikes, we think.... [¶] Under th[e] language [used in § 1915(g)], bringing an action and filing an appeal are separate acts. One could be frivolous, the other not. Having been told that his complaint is frivolous, [or that it fails to state an actionable claim], a prisoner must decide whether to appeal. Prisoners who learn from their mistakes will suffer one strike, at most, in a case. Obstinate or malicious litigants who refuse to take no for an answer incur two strikes."

Id.

The Court further notes, however, that "[s]ection 1915(g) does not prohibit prisoners from pursuing legal claims if they have had 'three strikes' or three prior dismissals. It only limits their ability to proceed in forma pauperis." Lyon v. Kroll, 127 F.3d 763, 765 (8th Cir. 1997). Therefore, while Plaintiff's application for leave to proceed IFP on appeal will be denied, he can still pursue his appeal in this action if he pays the normal $105 filing fee for such appeal.

Based upon the foregoing, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that:

Plaintiff's application for leave to proceed in forma pauperis on appeal, (Docket No. 18), is DENIED, pursuant to 28 U.S.C. 1915(g).

Dated: July 18, 2001

RICHARD H. KYLE
United States District Court Judge

**Please forward this announcement to the recipient of this fax.**

---

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500